*Allegrucci Law Office, PLLC*
307 N. Miller Road
Buckeye, AZ 85326
PH (623) 412-2330
FAX(623) 878-9807
Attorney for Petitioner/Respondent

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Karen Rae Windsor and Stephen L. Windsor,<br><br>          Debtors.<br><br>Wells Fargo Bank, NA.<br><br>          Movant,<br>vs.<br><br>Karen Rae Windsor and Stephen L. Windsor, Debtors; Edward J. Maney, Trustee,<br><br>          Respondents. | Case No.: 2-10-bk-05816-GBN<br>In Proceedings Under Chapter 13<br><br>**MEMORANDUM IN OPPOSITION TO MOVANT'S MOTION TO LIFT THE AUTOMATIC BANKRUPTCY STAY**<br><br>RE:   Real Property located at<br>        24232 N 39th Ave.<br>        Glendale, AZ 85310 |

NOW COME the Respondents, Karen Rae Windsor and Stephen L. Windsor, (hereinafter "Mr. and Mrs. Windsor"), by and through counsel, in opposition to Movant's "Motion to Lift the Automatic Bankruptcy Stay (hereinafter "Motion") filed on behalf of Wells Fargo Bank, NA (hereinafter "Lender"). The grounds for the opposition of Mr. and Mrs. Windsor is contained within the Memorandum below.

RESPECTFULLY SUBMITTED this 21st day of July, 2010.

                          Allegrucci Law Office, PLLC

                          /s/ David Allegrucci
                          Attorney for the Respondents

**MEMORANDUM**

I. First Defense.

1. Mr. and Mrs. Windsor admit the allegations contained within ¶ 1 of the Motion.

2. Mr. and Mrs. Windsor are without information sufficient to form a belief as to the truth of the allegations contained within ¶¶ 2, 3 & 4 of the Motion. Based upon the foregoing, the aforementioned allegations are denied.

3. Mr. and Mrs. Windsor deny the allegations contained within ¶ 5 of the Motion.

4. Mr. and Mrs. Windsor are without information sufficient to form a belief as to the truth of the allegations contained within ¶¶ 6, 7, & 8 of the Motion. Based upon the foregoing, the aforementioned allegations are denied.

II. Second Defense.

5. The residence of Mr. and Mrs. Windsor is their largest single asset. *Compare* Schedules "A" and "B". Based upon the foregoing, the residence of Mr. and Mrs. Windsor is clearly necessary for an effective reorganization.

6. The residence is also the home of the Windsor family including their three children.

7. Mr. and Mrs. Windsor negotiated a Special Forbearance Agreement with the Lender on February 23, 2010, which was signed and accepted prior to the filing of this proceeding. Mr. and Mrs. Windsor were scheduled to make payments three payments beginning March 23, 2010 after which their loan was to be reviewed for a Loan Modification according to the Lender's documentation. Mr. and Mrs. Windsor believe their payments to be current pursuant to the Lender's Special Forbearance agreement.

8. Mr. and Mrs. Windsor believe that they can resume the monthly payments to the Lender and cure any postpetition arrearage with the Lender if given a reasonable opportunity to do so.

WHEREFORE, based upon the foregoing, the Respondent prays that this Court:

    a. not grant the Lender relief from the automatic stay until Mr. and Mrs. Windsor have had an opportunity to bring the Lender account current;

    b. grant such other and further relief as the Court deems just and equitable.

Allegrucci Law Office, PLLC

/s/ David Allegrucci
Attorney for the Respondent

Copy of the foregoing mailed this 21st day of July, 2010 by first class U.S. Mail to the following:

Mark S. Bosco
*Tiffany & Bosco, P.A.*
2525 East Camelback Road
Third Floor
Phoenix, AZ 85016
Attorney for the Lender

Edward J Maney
Chapter 13 Trustee
PO Box 10434
Phoenix, AZ 85064-0434

Karen and Stephen Windsor
24232 N 39th Ave.
Glendale, AZ 85310

/s/ Tamara L. Porter, Paralegal